918

UNITED STATES, Appellee,

v.

Staff Sergeant Phillip C. GREEN,
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, United States
Army, Appellant.

ACMR 9003418.

U.S. Army Court of Military Review.

25 Oct. 1991.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Michael P. Moran, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Marcus A. Brinks, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a special court-martial. Contrary to his pleas, he was found guilty of disrespect to a commissioned officer, willful disobedience of a superior commissioned officer, willful disobedience of a superior noncommissioned officer, and disorderly conduct in violation of Articles 89, 90, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 889, 890, 891, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that the evidence is insufficient to support the findings of guilty to disorderly conduct. We agree, dismiss that charge and specification and reassess the sentence.

The facts pertinent to the assigned error follow. Appellant, a staff sergeant, worked in a hospital ward. Major (MAJ) B was the head nurse of the ward and was responsible for supervision of a twenty-two member staff, to include appellant.

On 10 July 1990, appellant was disrespectful to MAJ B and disobeyed an order issued by her. In part, this incident arose from appellant's duty limitations caused by injuries received in an automobile accident. Appellant was on limited duty, but was walking with a crutch. After the confrontation with MAJ B, appellant was told to go to her office and wait for her. Appellant waited in the office for some time. Tiring of the wait, he exited the office and went to the nurses' station

on the ward where Sergeant (SGT) P and SGT D were transcribing doctors' orders. Appellant told SGT P to go and tell MAJ B that he was waiting in her office. SGT P replied that the officer wanted appellant to wait in her office. Appellant again told SGT P to "Go back and tell her I'm waiting in her office." When SGT P replied that she would do so when she finished transcribing the doctors' orders, appellant, although not yelling, "raised his voice and said, I'm giving you a lawful order. Go tell Major [B] that I am waiting in her office." During the exchange, appellant raised his crutch about a foot to a foot and one-half off the floor. The crutch was aimed at SGT P and appellant was shaking. When appellant's voice was getting louder, SGT D became upset and walked around behind appellant in case it became necessary to restrain him. The incident did not disturb the patients on the ward or attract the attention of patients or other personnel.

As defined by the Manual for Courts-Martial, United States, 1984, Part IV, para. 73c(2) [hereinafter MCM, 1984],

Disorderly conduct is conduct of such a nature as to affect the peace and quiet of persons who may witness it and who may be disturbed or provoked to resentment thereby. It includes conduct that endangers public morals or outrages public decency and any disturbance of a contentious or turbulent character.

When charged as in appellant's case, the conduct must also have been prejudicial to good order and discipline. MCM, 1984, Part IV, para. 73b(2). Disorderly conduct is usually held to embrace all words or acts of a nature to corrupt the public morals or to outrage the sense of public decency. *United States v. Burrow*, 26 C.M.R. 761, 763 (N.B.R.1958).

[D]isorderly conduct is intended to contemplate an unaggravated type of breach of the peace such as shouting or making loud noises during the hours normally reserved for rest by the more conservative element in society, or drunken roistering in public, etc., and which falls somewhat short of [an] 'outward demonstration of a violent or turbulent nature....'

*Id.* at 764.

It is clear from the record that appellant's conduct was not necessarily turbulent, but was contentious. It is also clear that SGT P and SGT D were disturbed and provoked to resentment. Many subordinates may resent orders given to them. Another factor, however, is present in this case. Appellant was a superior noncommissioned officer to SGT P and SGT D. They worked in the same hospital ward. The record is silent in details as to their supervisory relationship. Although we recognize that a superior's conduct toward subordinates can be disorderly, such conduct appears to involve divestment of superior status. *Cf. United States v. Powers*, 5 C.M.R. 206 (A.B.R.1952) (disorderly conduct present where drunk officer talked loudly, laughed and wrestled with subordinate enlisted members, and ordered enlisted men on grass cutting detail to follow him in playing follow the leader). Here, the evidence fails to disclose that appellant's act divested him of his authority as a superior noncommissioned officer. We find nothing on the face of the order to make it unlawful.

■ The test for legal sufficiency is whether, considering the evidence in the light most favorable to the prosecution, a rational factfinder could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under the circumstances of the case before us, i.e., where a superior is charged with disorderly conduct toward subordinates in giving apparently lawful orders, we find the evidence legally insufficient absent proof appellant divested himself from his office. To hold otherwise would strike at the very fabric of the superior-subordinate relationship. The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having personally observed the witness, we are convinced beyond a reasonable doubt of appellant's guilt. UCMJ, art. 66(c), 10 U.S.C. § 866(c); *United States v.*

*Turner*, 25 M.J. 324 (C.M.A.1987). Even assuming the evidence in this case met the legal sufficiency test, we are not convinced beyond a reasonable doubt that appellant's conduct was disorderly.

We have considered the errors which appellant raises pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty to Charge V and its specification are set aside, and Charge V and its specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and considering *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms the sentence.

Judge HAESSIG and Judge ARKOW concur.